MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrin Jordan Weber, | No. CV 09-8047-PCT-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Tom Sheahan, et al., | |
| Defendants. | |

## I. Background

On March 19, 2009, Plaintiff Derrin Jordan Weber, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a March 30, 2009 Order, the Court granted the Application to Proceed and dismissed the complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On April 10, 2009, Plaintiff filed a First Amended Complaint. In an April 29, 2009 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to allege a jurisdictional basis. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order and warned Plaintiff that (1) the Clerk of Court would enter a judgment of dismissal with prejudice if Plaintiff failed to file

1  a second amended complaint within 30 days and (2) his case could be dismissed if he failed
2  to file a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of
3  Civil Procedure. On April 29, 2009, the Clerk of Court mailed the April 29th Order to
4  Plaintiff, but the mail was returned as undeliverable, "unable to forward."

5  Plaintiff did not file a second amended complaint and, therefore, the Clerk of Court
6  entered Judgment on June 15, 2009. The Clerk of Court mailed the Judgment to Plaintiff,
7  but the mail was returned as undeliverable because Plaintiff was no longer in the custody of
8  the Maricopa County Sheriff.

9  On July 15, 2009, Plaintiff filed a Letter notifying the Court of his change of address
10 and explaining that he is now in the custody of the Arizona Department of Corrections and
11 that he was unable to contact the Court because he was not allowed access to the legal library
12 and did not have his legal paperwork, his case number, or the Court's address. On July 16,
13 2009, the Clerk of Court remailed the April 29th Order and the June 15th Judgment to
14 Plaintiff.

15 On August 13, 2009, Plaintiff filed a "Motion for reconsideration of Court's
16 Judg[]ment; Order of June 15, 2009 (Doc. #9) based on Plaintiff not rec[ei]ving it or other
17 orders until July 24, 2009." Plaintiff requested that the Court rescind its Judgment and set
18 a new date for Plaintiff to file his second amended complaint. In an August 28, 2009 Order,
19 the Court granted Plaintiff's motion, vacated the June 15th Judgment, and gave Plaintiff 30
20 days to file a second amended complaint to cure the deficiencies outlined in the April 29th
21 Order.

22 On September 30, 2009, Plaintiff filed a Second Amended Complaint (Doc. #14). The
23 Court will require Defendants to answer the Second Amended Complaint.

24 **II.   Statutory Screening of Prisoner Complaints**

25 The Court is required to screen complaints brought by prisoners seeking relief against
26 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
27 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
28 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

### III. Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff sues Mohave County Sheriff Tom Sheahan, Classification Officer Byast, and Jail Security Supervisor Sergeant Mike Kitchen. In his Request for Relief, Plaintiff seeks monetary damages and declaratory relief.

In Count One, Plaintiff claims his Fourteenth Amendment due process rights were violated. He asserts that when he was booked into the Mohave County Jail, he requested protective custody because gang members and other prisoners in the general population knew that he had been in protective custody in the Arizona Department of Corrections (ADOC) and knew that there was a contract on his life. Plaintiff states that during the classification process, Defendant Byast looked up the information verifying that Plaintiff had been in

protective custody while in ADOC and "also looked up the prisoners in the jail," but nevertheless decided that Plaintiff would be put in the general population.

Plaintiff states that Defendant Kitchen, while transporting Plaintiff to the general population block, stated that he knew Plaintiff should not be placed on that block, but Defendant Sheahan had said that Plaintiff should be placed there. Plaintiff alleges that Defendant Kitchen also informed Plaintiff that Defendants were aware of Plaintiff's protective custody status. Within minutes of being placed on the general population block, Plaintiff was attacked, suffering broken ribs, a broken nose, and other injuries. He spent six days in the regional medical center, was returned to the jail, spent nine days in medical isolation, and was then placed back in the same general population area. Another altercation occurred. Plaintiff was placed in isolation for fifteen months.

In Count Two, Plaintiff alleges that Defendant Kitchen retaliated against Plaintiff in violation of his First Amendment rights. Plaintiff states that, while in isolation, he filed a grievance regarding the issues described in Count One. Defendant Kitchen refused to answer the grievance and informed Plaintiff that Defendant Kitchen was not going to let Plaintiff sue the jail. He told Plaintiff that he would receive no forms while he was in jail. Plaintiff claims that no staff members would give him "anything" while he was in the jail and that he was unable to get anything answered or filed regarding his claim while he was in the jail.

Liberally construed, Plaintiff has stated a Fourteenth Amendment failure-to-protect claim against Defendants Sheahan, Byast, and Kitchen in Count One, and a First Amendment claim against Defendant Kitchen in Count Two. The Court will require Defendants to answer the Second Amended Complaint.

**IV.     Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #14), this Order, and both summons and request for waiver forms for Defendants Sheahan, Byast, and Kitchen.

(2)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(4) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(7) Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

1     (8)     Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (9)     This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 2nd day of November, 2009.

_____
David G. Campbell
United States District Judge